UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DEREK D. FINGERS,

                Petitioner,

                v.                CAUSE NO.: 3:19-CV-131-JD-MGG

WARDEN,

                Respondent.

OPINION AND ORDER

Derek D. Fingers, a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision at the Miami Correctional Facility in which a disciplinary hearing officer (DHO) found him guilty of assaulting staff in violation of Indiana Department of Correction Offense B-212. Following a disciplinary hearing, Fingers was sanctioned with a loss of ninety days earning credit time. Pursuant to Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

Fingers argues that he is entitled to habeas relief because he was denied the right to present his medical records as evidence. He states that the medical records were necessary to demonstrate that his misconduct was the result of his mental illness. He further states that the disciplinary officers did not support the determination that his misconduct was not the result of his mental illness with evidence. For his arguments,

Fingers references the departmental policy on disciplinary procedures, which requires the disciplinary reviewing officer to:

> Review the Mental Health Code. If this Code indicates that the offender has a mental illness, the Disciplinary Review Officer determines that the incident was a result of the offender's mental illness, the offender shall receive a written reprimand documenting the behavior. If the incident is determined to not be a result of the offender's mental illness, the case shall proceed normally.

Indiana Department of Correction, Disciplinary Code for Adult Offenders, Policy No. 02-04-101, available at https://www.in.gov/idoc/files/02-04-101_The_Disciplinary _Code_for_Adult_Offenders___6-1-2015.pdf.

To satisfy due process, there must also be "some evidence" to support the hearing officer's decision. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985). "Procedural due process also requires prison disciplinary officials to disclose material exculpatory evidence to the charged offenders." *Scruggs v. Jordan*, 485 F.3d 934, 939–40 (7th Cir. 2007). "However, prison disciplinary officials need not permit the presentation of irrelevant or repetitive evidence in order to afford prisoners due process in disciplinary proceedings." *Id.*

Fingers was found guilty of Offense 212, which is defined by departmental policy as "committing a battery on another person." Indiana Department of Correction, Adult Disciplinary Process, https://www.in.gov/idoc/files/02-04-101%20Appendix %20I%206-4-2018.pdf. In the legal context, a battery is commonly understood as "[t]he nonconsensual touching of, or use of force against, the body of another with the intent to cause harmful or offensive contact." Black's Law Dictionary (10th ed. 2014). The

administrative record included the disciplinary report, which states that a correctional officer observed Fingers taking a second meal tray in the chow hall, ordered Fingers to stop, and Fingers responded by throwing a tray at him, striking the officer with food. ECF 1-1 at 12. It also included a surveillance video recording, which corroborated the disciplinary report. *Id.* at 13.

Notably, Fingers' medical records were not relevant to the determination of whether he was guilty of battery at the hearing but instead were relevant to a pre-hearing determination of whether his conduct was the result of mental health illness. Fingers does not argue that the reviewing officer violated departmental policy with respect to this determination, and, even if he had, the failure to follow departmental policy does not rise to the level of a constitutional violation. *See Estelle v. McGuire*, 502 U.S. 62, 68 (1991) ("state-law violations provide no basis for federal habeas relief"); *Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008) (inmate's claim that prison failed to follow internal policies had "no bearing on his right to due process"). Moreover, because the medical records were not relevant to the charge of battery, Fingers was not entitled to present them at the disciplinary hearing. Finally, the administrative record contained ample evidence of Finger's guilt. Therefore, Finger's claims that he was not allowed to present his medical records as evidence and that the disciplinary officers did not support the determination that his misconduct was not the result of his mental illness are not a basis for habeas relief.

Because it is clear from the petition and attached exhibits that Fingers is not entitled to habeas relief, the petition is denied. If Fingers wants to appeal this decision,

he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the petition pursuant to Section 2254 Habeas Corpus Rule 4;

(2) WAIVES the filing fee;

(3) DIRECTS the clerk to enter judgment and to close this case; and

(4) DENIES Derek D. Fingers leave to proceed in forma pauperis on appeal.

SO ORDERED on March 25, 2019

/s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT